**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRADRICK JERMAINE COLLINS,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:19-CV-2433-G-BK** |
| | § | |
| **JAVED SYED, DIRECTOR OF** | § | |
| **COMMUNITY SUPERVISION AND** | § | |
| **CORRECTIONS** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Bradrick Jermaine Collins' petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, this action should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

### I.   BACKGROUND

Collins was convicted of driving while intoxicated and was sentenced to 171 days' confinement in the Dallas County Jail.  Imposition of that sentence was suspended, and he was placed on community supervision for 15 months.  *State v. Collins*, No. M1718552 (Criminal Court No. 5, Dallas Cty., Mar. 30, 2018), *aff'd*, No. 05-18-00498-CR, 2019 WL 2648168 (Tex. App.—Dallas June 27, 2019, pet. ref'd).[1]  The Texas Court of Criminal Appeals subsequently denied Collins leave to file his *Original Writ of Habeas Corpus or, in the Alternative, Constitutional Writ* that challenged his DWI conviction and a related charge of unlawfully

---

[1] The trial court's docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed on Jan. 9, 2020).

carrying a weapon pending in *State v. Collins*, No. M1718553 (Criminal Court No. 5, Dallas

Cty.).  *See Ex parte Collins*, No. WR-90,323-01 (Tex. Crim. App. Sep. 25, 2019).[2]

On October 15, 2019, Collins filed the instant federal habeas corpus action challenging

his DWI conviction.  Doc. 3.  He asserts: (1) a blood sample was obtained after his arrest without

probable cause; (2) the State violated his Sixth Amendment right to confrontation by refusing to

provide the identity of the complainant; (3) he was wrongly denied the clerk's record on appeal;

and (4) the trial court conducted hearings and conferences in his absence in violation of his

Fourth, Fifth, and Sixth Amendment rights.  Doc. 12 at 3-4 (*Amended Petition for Writ of

Habeas Corpus*).

Having now reviewed his *Amended Petition* and *Answers to Magistrate Judge's

Questionnaire*, Doc. 6 and Doc. 14, the Court concludes that Collins' petition is unexhausted and

should be dismissed without prejudice.[3]

## II.     ANALYSIS

A habeas petitioner must exhaust all available state-court remedies before a federal court

will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*,

544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's

role in the enforcement of federal law and prevent the disruption of state judicial proceedings."

---

[2] The state docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-90,323-01&coa=coscca (last accessed Jan. 9, 2020).  The undersigned also obtained and reviewed an electronic copy of the *Original Writ* from the Court of Criminal Appeals.

[3] As Collins is now serving the 15-month term of community supervision, Doc. 14 at 2-3, Doc. 15 at 1, he is in custody for state habeas purposes.  *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (noting petitioner on parole was still "in custody" under his unexpired sentence); *Ex parte Okere*, 56 S.W.3d 846, 852 (Tex. App. 2001) (finding community supervision constituted confinement and, thus, petitioner was in constructive custody).

*Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A habeas petitioner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

For an applicant who has been convicted and sentenced to community supervision, such as Collins, collateral review is governed by Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE ART. 11.072 § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); *see also State v. Guerrero,* 400 S.W.3d 576, 582-83 (Tex. Crim. App. 2013); *Ex Parte Villanueva*, 252 S.W.3d 391, 395-97 (Tex. Crim. App. 2008). The applicant must file the Article 11.072 application with the clerk of the court in which community supervision was imposed, and may challenge either (1) "the conviction for which or order in which community supervision was imposed" or (2) "the conditions of community supervision." *See id* at § 2. If the application is denied in whole or part, the applicant's last resort is to appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure. *See id.* at § 8.

Collins has failed to exhaust his state court remedies with regard to all of the claims he raises in this Court. In his *Answers to Magistrate Judge's Questionnaire*, he confirms that he did not file an art. 11.072 state habeas application. Doc. 6 at 3-4. Moreover, his petition for

discretionary review did not present all of the claims that he now raises.[4]  Thus, at a minimum, Collins' federal petition includes both exhausted and unexhausted claims and is a "mixed petition" subject to dismissal.  *See Whitehead*, 157 F.3d at 387.

Further, the record discloses no good cause for Collins' failure to exhaust all of his claims, that the claims are not plainly meritless, or that he has not engaged in intentional delay. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005) ("[S]tay and abeyance should be available only in limited circumstances."); *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (finding dismissal appropriate where no good cause was shown for failure to exhaust and claims were plainly meritless).  Thus, a stay is not appropriate here and Collins' petition should be dismissed without prejudice for failure to exhaust state court remedies.  *See, e.g., Guajardo v. Davis*, No. 3:18-CV-222, 2018 WL 4953199, at *1-2 (S.D. Tex. Oct. 12, 2018) (dismissing unexhausted petition because petitioner under sentence of community supervision failed to apply for relief under Article 11.072); *Garcia v. Goethals,* No. 3:03-CV-1178-D, 2004 WL 212553 (N.D. Tex. Jan. 5, 2004) (same); *Simpson v. Noyes*, No. 3:08-CV-577-N, 2008 WL 2462044, at *2 (N.D. Tex. June 12, 2008) (same).

---

[4] The undersigned obtain an electronic copy of the petition for discretionary review (PDR) from the Court of Criminal Appeals.  Among other issues, the PDR challenged Collins' arrest for lack of probable cause, which he now raises at least in part in his federal petition.

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).[5]

**SO RECOMMENDED** on January 16, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[5] There is a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2254(d), which is applicable to this petition or any future petition filed in this court.